UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VERNICE SCIPPIO, on behalf of
himself and others similarly situated,

       Plaintiff,

v.                                                                Case No:   2:18-cv-344-FtM-99CM

PEOPLEREADY, FLORIDA, INC.,

       Defendant.

## REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon review of the Joint Motion for Approval of Plaintiff's Acceptance of Defendant's Offer of Judgment and Dismissal with Prejudice filed on September 10, 2018.   Doc. 18.[2]   The parties request that the Court approve their settlement of Plaintiff's Fair Labor Standards Act ("FLSA") claims and dismiss the case with prejudice.   For the reasons stated herein, the Court

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.  **In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation, they promptly may file a joint notice of no objection.**

[2] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

recommends the settlement be **APPROVED** and Plaintiffs' claims be dismissed with prejudice.

Plaintiff brought this action against Defendant Peopleready Florida, Inc. ("Peopleready"), alleging Peopleready did not compensate him with overtime pay in violation of the FLSA.[3] *See generally* Doc. 1. Peopleready is a corporation engaged in business in Lee County, Florida. *Id.* ¶ 4. Peopleready employed Plaintiff as a laborer from September 15, 2018 through October 3, 2017. *Id.* ¶ 16. Plaintiff alleges Peopleready did not compensate him at a rate of one-and-one-half times his regular hourly wage of $12.50 for overtime worked. *Id.* ¶¶ 16, 18, 22. In the present motion, the parties represent that Plaintiff alleges to have worked 20 hours per week of overtime each week that he worked for Peopleready, and thus Plaintiff claims entitlement to $1,125.00 in overtime compensation, $1,125.00 in liquidated damages, and roughly $200.00 in pre-judgement interest, totaling $2,450.00. Doc. 18 at 4.

On August 6, 2018, Peopleready served a Federal Rule of Civil Procedure 68 Offer of Judgment for $5,000.00 on Plaintiff in conjunction with its Answer to Plaintiff's Complaint. *See id.* at 3, 11-14. On August 13, 2018, Plaintiff accepted Peopleready's Offer of Judgment. Doc. 15; Doc. 18 at 1. "Under the terms of the Offer, the Parties have agreed that [Peopleready] will pay one hundred percent of Plaintiff's claimed back wages, liquidated[] damages, and attorney's fees." Doc. 18

---

[3] Although Plaintiff brought this suit on behalf of himself and others similarly situated, "Plaintiff has not identified any other present or former employee of [Peopleready] that has agreed to file a written consent to join this action as of the date of the Offer of Judgment and Plaintiff's acceptance of the same." *See* Doc. 1; Doc. 18 at 3. Plaintiff is thus the only plaintiff in this action.

at 3. The parties filed the present motion seeking approval of Plaintiff's acceptance of Peopleready's Offer of Judgment and included a proposed Final Judgment. Doc. 18 at 1-10.

When a plaintiff's FLSA claim is compromised, acceptance of a Rule 68 offer of judgment does not relieve the Court of its duty to determine whether the settlement is a fair and reasonable resolution of a bona fide dispute as required by *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1981). *See Kingsley v. Noonan*, No. 6:12-cv-500-Orl-22TBS, 2012 WL 5378743, at *1 (M.D. Fla. Oct. 31, 2012); *see also Sommer v. Augie My Boy, LLC*, No. 2:14-cv-77-FtM-29CM, 2015 WL 268991, at *1-2. Where "judicial inquiry confirms both full compensation and no side deal (in other words, the absence of compromise)," however, "no further judicial inquiry is necessary." *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1240 (M.D. Fla. 2010); *see also Mackenzie v. Kindred Hosps. E., LLC*, 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003).

Here, the present motion states Plaintiff's claims have not been compromised; rather, "the [p]arties have agreed to grant Plaintiff the full amount of relief requested in the Complaint," which the parties represent is $2,450.00. Doc. 18 at 3. The parties indicate the Offer also covers "one hundred percent" of Plaintiff's attorney's fees and costs, totaling $2,550.00, [4] and "the attorneys' fees were negotiated

---

[4] The Court notes that notwithstanding this representation, the present motion indicates the $2,550.00 Plaintiff's counsel has incurred in fees is in excess of the amount allocated as attorney's fees and costs in Defendant's Offer of Judgment. Doc. 18 at 6. This appears to be an error as the Offer of Judgment does not contain any reference to the specific amount of attorney's fees offered, and the proposed Final Judgment indicates Plaintiff would be awarded the amount of fees Plaintiff's counsel purports to have incurred—$2,550.00—for

separately and without regard to the amount to be provided to the Plaintiff." *Id.* at 3, 6. The parties represent there is no separate settlement agreement—the "settlement" is merely Peopleready's Offer of Judgment and Plaintiff's acceptance. *Id.* at 4 n.2. The parties' proposed Final Judgment identifies the amount owed to Plaintiff ($2,450.00) and the amount owed for Plaintiff's attorney's fees ($2,550.00). *Id.* at 9. Judicial inquiry demonstrates there is full compensation for Plaintiff's claims and attorney's fees with no "side deals," and thus the Court recommends the settlement is fair and reasonable without the need for further inquiry. *See Dees*, 706 F. Supp. 2d at 1240; *see also Biscaino v. Ars Acquisition Holdings, LLC*, No. 6:11-cv-894-Orl-28DAB, 2011 WL 4424394, at *2 (M.D. Fla. Sept. 13, 2011), report and recommendation adopted, 2011 WL 4422379 (M.D. Fla. Sept. 22, 2011).

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

1. The Joint Motion for Approval of Plaintiff's Acceptance of Defendant's Offer of Judgment and Dismissal with Prejudice (Doc. 18) be **GRANTED**;

2. The Court enter Final Judgment against Peopleready in the amount of $5,000.00, with $1,125.00 representing Plaintiff's overtime compensation, $1,125.00 representing Plaintiff's liquidated damages, $200.00 representing pre-judgement interest, and $2,550.00 representing Plaintiff's attorney's fees; and

---

all of his attorney's fees and costs. *Id.* at 7, 9. Therefore, as represented by the parties elsewhere in the motion, it appears Plaintiff's attorney's fees are wholly compensated by the Offer of Judgment and proposed Final Judgment. *See id.* at 3, 9.

      3.      The Court enter an order **DISMISSING** with prejudice all claims asserted in this action by Plaintiff.

**DONE** and **ENTERED** in Fort Myers, Florida on this 28th day of September, 2018.

/s/ Carol Mirando
CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record